United States District Court
Southern District of Texas
**ENTERED**
March 24, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EXPERIENCE INFUSION CENTERS, LLC, | § § § § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:19-CV-1586 |
| | § | |
| HOME DEPOT U.S.A., INC., *et al*, | § § § | |
| Defendants. | § | |

## ORDER

Before the Court is Defendant Home Depot U.S.A., Inc.'s Motion to Dismiss Plaintiff's First Amended Petition [read: Complaint] and Memorandum in Support Thereof. Dkt. 17. Having carefully reviewed the complaint, the motion, response, and reply, and the applicable law, the motion is **DENIED**.

### I. Background

According to its first amended complaint, Plaintiff Experience Infusion Centers, LLC provides infusion therapy and related healthcare services. It performed infusion therapy services for a patient, Ted Stickel, at the cost of $314,595.

Defendant Home Depot administers a health care plan, of which Stickel is a beneficiary. Experience alleges that Home Depot wrongfully denied benefits due to Stickel for the infusion therapy and sues to recover unpaid sums and attorneys' fees.

At some point, Stickel assigned his benefits under the plan to Experience. The amended complaint refers to the assignment as being attached as an exhibit, but it is not. Experience sues for benefits due to Stickel as Stickel's assignee.

Experience alleges that Stickel's health care plan included a provision prohibiting a beneficiary from assigning his or her benefits directly to the beneficiary's out-of-network provider. Experience also alleges that Home Depot waived the right to assert this anti-assignment provision when, through Blue Cross Blue Shield of Texas, it made five separate payments for the infusion therapy services at issue.

## II. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) allows parties to seek dismissal of a lawsuit for failure to state a claim upon which relief may be granted. A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the complaint against the legal standard set forth in Rule 8, requiring "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp., v. Twombly*, 550 U.S. 544, 570 (2007)). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679 (citation omitted).

When conducting its inquiry, the Court "accept[s] all well-pleaded facts as true and view[s] those facts in the light most favorable to the plaintiff." *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 461 (5th Cir. 2010) (internal quotation marks and citation omitted). In deciding a motion to dismiss for failure to state a claim, the Court may consider "the facts stated in the complaint and the documents either attached to or

incorporated in the complaint." *Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996).

### III. Analysis

Home Depot moves to dismiss Experience Infusion Center's first amended complaint under Rule 12(b)(6). Home Depot asserts that Experience lacks a valid assignment of benefits because the Home Depot benefit plan prohibits Stickel from assigning his rights and benefits under the plan, that Home Depot has not waived the right to use the plan's anti-assignment provision, and that Experience fails to allege a plausible claim for relief.

Waiver is "a voluntary or intentional relinquishment of a known right." *High v. E-Systems Inc.*, 459 F.3d 573, 581 (5th Cir. 2006). Whether a party has waived a right is thus a fact-specific inquiry. *See id.* (considering the allegedly waiving party's actions to determine whether waiver applied). As the party asserting waiver, Experience must ultimately show that Home Depot waived the right by putting forth evidence that Home Depot voluntarily and knowingly relinquished its right to rely on the plan's anti-assignment language through its course of conduct. *See, e.g.*, *Gilmour v. Intertek USA, Inc.*, Civ. Action G-16-00266, 2018 WL 3059682, at *7 (S.D. Tex. May 30, 2018*), report and recommendation adopted*, 2018 WL 3055749 (S.D. Tex. June 20, 2018).

Due to the fact-specific nature of the waiver issue, at this stage, the Court finds that Experience has sufficiently alleged that Stickel assigned his benefits under the plan to Experience, and that Home Depot waived its right to rely on the anti-assignment provision of the plan. *See, e.g.*, *Grand Parkway Surgery Ctr., LLC v. Health Care Serv.*

*Corp.*, Civ. Action H-15-0297, 2015 WL 3756492, at *2 (S.D. Tex. June 16, 2015) ("It is necessary and appropriate in this case to consider the effect of the anti-assignment clauses and the waiver and estoppel issues on a Motion for Summary Judgment when the plans, the assignments, and evidence regarding the parties' dealings are in the record.")

Experience also sufficiently alleges that Home Depot breached the plan by failing to pay for the infusion therapy. Experience identified a section of the Home Depot benefits plan that provides for out-of-network physician services for members, the service for which Home Depot allegedly should have paid, and the alleged balance due on those services. Home Depot argues that Experience needs to describe why the amount paid for the infusion services was insufficient under the terms of the benefits plan. At this stage, the Court finds that Experience's amended complaint sufficiently puts Home Depot on notice of the legal and factual basis for its claims. *See Innova Hosp. San Antonio, Ltd. P'ship v. Blue Cross & Blue Shield of Georgia, Inc.*, 892 F.3d 719, 728–29 (5th Cir. 2018) (rejecting overly burdensome pleading requirements in ERISA context in accordance with principle that a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations).

To resolve this action in favor of Home Depot would require the Court to weigh the credibility of the complaint's allegations and consider evidence not specifically made a part of the complaint, which it cannot do at this stage of the proceedings. The issues raised by the motion to dismiss are more appropriately addressed by the Court considering summary judgment evidence. Accordingly, the motion is **DENIED** without prejudice to being later reasserted as a motion for summary judgment.

### IV. Conclusion

Experience's Motion to Dismiss (Dkt. 17) is **DENIED**.

SIGNED this day 24th day of March, 2020.

_____
George C. Hanks Jr.
United States District Judge